IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

PETER KOSTYSHYN,                    )
                                    )
        Plaintiff,                  )
                                    )
    v.                              ) Civ. No. 10-971-SLR
                                    )
JEROME HERLIHY, et al.,             )
                                    )
        Defendants.                 )

## MEMORANDUM ORDER

At Wilmington this 15th day of September, 2011, having screened the case

pursuant to 28 U.S.C. § 1915 and § 1915A;

IT IS ORDERED that the complaint is dismissed as frivolous pursuant to 28

U.S.C. § 1915 and § 1915A, for the reasons that follow:

1. **Background**. Plaintiff Peter Kostyshyn ("plaintiff"), an inmate at the Howard

R. Young Correctional Institution ("HRYCI"), Wilmington, Delaware, who proceeds pro

se and has been granted in forma pauperis status, filed this complaint alleging

violations of his constitutional rights pursuant to 42 U.S.C. § 1983. He seeks

compensatory damages and injunctive relief.[1]  (D.I. 2)

2. **Standard of review**. The court must dismiss, at the earliest practicable time,

certain in forma pauperis and prisoner actions that are frivolous, malicious, fail to state

a claim, or seek monetary relief from a defendant who is immune from such relief. *See*

28 U.S.C. § 1915(e)(2) (in forma pauperis actions); 28 U.S.C. § 1915A (actions in which

prisoner seeks redress from a governmental defendant); 42 U.S.C. § 1997e (prisoner

---

[1]On December 6, 2010, the court denied as plaintiff's motion for emergency
injunction to stop the New Castle County Superior Court criminal trial. (*See* D.I. 7)

actions brought with respect to prison conditions).  The court must accept all factual allegations in a complaint as true and take them in the light most favorable to a pro se plaintiff.  *Phillips v. County of Allegheny*, 515 F.3d 224, 229 (3d Cir. 2008); *Erickson v. Pardus*, 551 U.S. 89, 93 (2007).  Because plaintiff proceeds pro se, his pleading is liberally construed and his complaint, "however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."  *Erickson v. Pardus*, 551 U.S. at 94 (citations omitted).

3.  An action is frivolous if it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989).  Under 28 U.S.C. § 1915(e)(2)(B)(i) and § 1915A(b)(1), a court may dismiss a complaint as frivolous if it is "based on an indisputably meritless legal theory" or a "clearly baseless" or "fantastic or delusional" factual scenario.  *Neitzke*, 490 at 327-28; *Wilson v. Rackmill*, 878 F.2d 772, 774 (3d Cir. 1989); *see, e.g., Deutsch v. United States*, 67 F.3d 1080, 1091-92 (3d Cir. 1995) (holding frivolous a suit alleging that prison officials took an inmate's pen and refused to give it back).

4.  The legal standard for dismissing a complaint for failure to state a claim pursuant to § 1915(e)(2)(B)(ii) and § 1915A(b)(1) is identical to the legal standard used when ruling on Rule 12(b)(6) motions.  *Tourscher v. McCullough*, 184 F.3d 236, 240 (3d Cir. 1999)(applying Fed. R. Civ. P. 12(b)(6) standard to dismissal for failure to state a claim under § 1915(e)(2)(B)).  However, before dismissing a complaint or claims for failure to state a claim upon which relief may be granted pursuant to the screening provisions of 28 U.S.C. §§ 1915 and 1915A, the court must grant plaintiff leave to

amend his complaint unless amendment would be inequitable or futile. *See Grayson v. Mayview State Hosp.*, 293 F.3d 103, 114 (3d Cir. 2002).

5. A well-pleaded complaint must contain more than mere labels and conclusions. *See Ashcroft v. Iqbal*, __U.S.__, 129 S.Ct. 1937 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544 (2007). The assumption of truth is inapplicable to legal conclusions or to "[t]hreadbare recitals of the elements of a cause of action supported by mere conclusory statements." *Id.* at 1949. When determining whether dismissal is appropriate, the court conducts a two-part analysis. *Fowler v. UPMC Shadyside*, 578 F.3d 203, 210 (3d Cir. 2009). First, the factual and legal elements of a claim are separated. *Id.* The court must accept all of the complaint's well-pleaded facts as true, but may disregard any legal conclusions. *Id.* at 210-11. Second, the court must determine whether the facts alleged in the complaint are sufficient to show that plaintiff has a "plausible claim for relief."[2] *Id.* at 211. In other words, the complaint must do more than allege plaintiff's entitlement to relief; rather it must "show" such an entitlement with its facts. *Id.* "[W]here the well-pleaded facts do not permit the court to infer more than a mere possibility of misconduct, the complaint has alleged - but it has not shown - that the pleader is entitled to relief." *Iqbal*, 129 S.Ct. at 1949 (quoting Fed. R. Civ. P. 8(a)(2)).

---

[2]A claim is facially plausible when its factual content allows the court to draw a reasonable inference that the defendant is liable for the misconduct alleged. *Iqbal*, 129 S.Ct. at 1949 (quoting *Twombly*, 550 U.S. at 570). The plausibility standard "asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of 'entitlement to relief.'" *Id.*

-3-

6. **Discussion**. Plaintiff filed the instant complaint on November 10, 2010 while awaiting trial on charges of aggravated menacing, terroristic threatening, and possession of a weapon during the commission of a felony.[3] (D.I. 2); *See also In re Kostyshyn*, 15 A.2d 217, 2011 WL 846086 (Del. 2011) (table decision). Plaintiff sues Superior Court Judge Jerome Herlihy ("Judge Herlihy"), Attorney General of the State of Delaware "Joe E." Biden, Jr. ("Biden"), Delaware Public Defender Brendan O'Neill ("O'Neill"), private attorney Peter N. Letang ("Letang"), and Warden Morgan ("Morgan").

7. **Judicial immunity**. Plaintiff alleges that, on October 4, 2010, Judge Herlihy refused to address his motions, ordered plaintiff "quiet" during a hearing, held a conversation with Biden, and had court staff send emails to plaintiff's defense counsel instead of directly to plaintiff. In addition, plaintiff alleges there were errors on the court docket. In sum, plaintiff takes exception to acts taken by Judge Herlihy during pre-trial matters in his criminal case.

8. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he

_____

[3]The matter proceeded to a jury trial, and plaintiff was convicted of the charged offenses on November 24, 2010. *In re Kostyshyn*, 2011 WL 846086, at *1. Plaintiff represented himself following a ruling that granted defense counsel's motion to withdraw. *Id.* The court further ruled that plaintiff had waived his right to appointed counsel. *Id.* The case is currently on appeal, proceeding as *Kostyshyn v. State*, No. 71, 2011 (Del.).

will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id.* (citations omitted). Here the allegations against Judge Herlihy relate to actions he took in his judicial capacity. The complaint contains no allegations that Judge Herlihy acted outside the scope of his judicial capacity, or in the absence of his jurisdiction. *See Mireles v. Waco*, 502 U.S. 9, 11 (1991). Judge Herlihy is immune from suit. The claims against him lack an arguable basis in law or in fact and, therefore, are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

9. **Prosecutorial immunity**. Plaintiff alleges that Biden did not correct the errors in the court docket and that he spoke to Judge Herlihy during pre-trial proceedings. It is well established that a state prosecuting attorney is absolutely immune from liability pursuant to 42 U.S.C. § 1983 when the prosecutor's actions are related to the initiation and prosecution of a criminal action. *Imbler v. Pachtman,* 424 U.S. 409, 431 (1976). The immunity extends to responsibilities discharged in court, such as the presentation of evidence or legal argument, as well as selected out-of-court behavior "intimately associated with the judicial phases" of litigation. "[T]he duties of the prosecutor in his role as advocate for the State involve actions preliminary to the initiation of prosecution and actions apart from the courtroom." *Imbler,* 424 U.S. at 431 n.33.

10. Courts confronted with claims challenging a prosecutor's actions must utilize a functional analysis to determine whether or not the prosecutor acted within his or her "judicial capacity" when attempting to apply absolute immunity. *Odd v. Malone*, 538

F.3d 202, 207 (3d Cir. 2008). Under the functional approach, a prosecutor enjoys absolute immunity for actions performed in a judicial or "quasi-judicial" capacity. *Id.* (citations omitted). Therefore, absolute immunity "attaches to actions 'intimately associated with the judicial phases of litigation,' but not to administrative or investigatory actions unrelated to initiating and conducting judicial proceedings." *Id.* (citations omitted). Further, actions that relate to the prosecutor's role as an advocate are "judicial" actions. *Mancini v. Lester,* 630 F.2d 990, 993 (3d Cir. 1980).

11. Here, plaintiff complains that Biden did not correct the court docket and that he spoke to Judge Herlihy. With regard to Biden speaking to the judge, clearly, this act could be construed as one requiring advocacy on the part of Biden and, therefore, within the realm of prosecutorial functions. Even if it is not, the allegation does not rise to the level of a constitutional violation. Similarly, the remaining allegation that Biden failed to correct the court docket did not violate plaintiff's constitutional rights. The claims are frivolous and are dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1).

12. **State actor.** Plaintiff alleges that his defense counsel, Letang, did not provide him the Superior Court file containing discovery and exculpatory evidence. He asks the court to order O'Neill and Letang to provide him files they generated when they represented plaintiff. To state a claim under 42 U.S.C. § 1983, a plaintiff must allege "the violation of a right secured by the Constitution or laws of the United States and must show that the alleged deprivation was committed by a person acting under color of state law." *West v. Atkins*, 487 U.S. 42, 48 (1988) (citing *Parratt v. Taylor*, 451 U.S.

527, 535 (1981), *overruled in part on other grounds* by *Daniels v. Williams*, 474 U.S. 327, 330-31 (1986)). To act under "color of state law" a defendant must be "clothed with the authority of state law." *West*, 487 U.S. at 49. O'Neill is the public defender for the State of Delaware. Public defenders do not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in criminal proceedings. *Polk County v. Dodson*, 454 U.S. 312 (1981). Additionally, Letang is a private criminal defense attorney who previously represented plaintiff in his criminal matter. Similar to O'Neill, Letang is not "clothed with the authority of state law." *See Reichley v. Pennsylvania Dep't of Agric.,* 427 F.3d 236, 244-45 (3d Cir. 2005); *Biener v. Calio*, 361 F.3d 206, 216-17 (3d Cir. 2004). Accordingly, plaintiff's § 1983 claims against O'Neill and Letang have no arguable basis in law or in fact and, therefore, are dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

13. **Access to the courts**. Plaintiff alleges that on or about October 5, 2010, Judge Herlihy and Morgan took from him a large amount of legal papers and would not return them. Prisoners must be allowed "adequate, effective and meaningful" access to the courts. *Bounds v. Smith*, 430 U.S. 817, 822 (1977) (holding that prisons must give inmates access to law libraries or direct legal assistance). "Many courts have found a cause of action for violation of the right of access stated where it was alleged that prison officials confiscated and/or destroyed legal materials." *Zilich v. Lucht*, 981 F.2d 694, 695 (3d Cir. 1992) (citations omitted).

14. However, a violation of the First Amendment right of access to the courts is only established where a litigant shows that he was actually injured by the alleged

denial of access. The actual injury requirement is a constitutional prerequisite to suit. *Lewis v. Casey*, 518 U.S. 343, 351 (1996); *Christopher v. Harbury*, 536 U.S. 403, 415 (2002) (explaining that the constitutional right of access is "ancillary to the underlying claim, without which a plaintiff cannot have suffered injury by being shut out of court"). An actual injury is shown only where a nonfrivolous, arguable claim is lost. *Christopher,* 536 U.S. at 415. Here, the complaint contains no allegations of actual injury by plaintiff. Notably, the complaint alleges that O'Neill was assisting plaintiff with regard to his legal papers. Plaintiff's § 1983 claim against Morgan has no arguable basis in law or in fact and, therefore, is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915(A)(b)(1).

15. **Conclusion**. For the above reasons, the complaint is dismissed as frivolous pursuant to 28 U.S.C. § 1915(e)(2)(B) and § 1915A(b)(1). Amendment of the complaint is futile. The clerk of court is directed to close the case.

UNITED STATES DISTRICT JUDGE